J-S38006-15 and J-S38007-15

2015 PA Super 250

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellant | |
| v. | |
| STEWARD STECKLEY, JR. | |
| Appellee | No. 1995 MDA 2014 |

Appeal from the PCRA Order of November 5, 2014
In the Court of Common Pleas of Schuylkill County
Criminal Division at Nos.: CP-54-CR-0001033-2009 and
CP-54-CR-0001215-2009

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| STEWARD STECKLEY, JR. | |
| Appellant | No. 2103 MDA 2014 |

Appeal from the PCRA Order of November 5, 2014
In the Court of Common Pleas of Schuylkill County
Criminal Division at Nos.: CP-54-CR-0001033-2009 and
CP-54-CR-0001215-2009

BEFORE:  WECHT, STABILE, and MUSMANNO, JJ.

CONCURRING AND DISSENTING OPINION BY STABILE, J.:

**FILED NOVEMBER 30, 2015**

I concur in the very thorough analysis by the Majority, but write separately simply to offer my dissent on the remedy ordered. Prior to jury selection, Appellant's counsel engaged in guilty plea negotiations with the Commonwealth. The Commonwealth initially offered an aggregate sentence of three to six years' imprisonment if Appellant pled guilty to all charges, and then offered to reduce the recommended sentence to two to six years in prison. Appellant rejected these offers that made no sense to him in light of the sentencing guideline worksheets provided by the Commonwealth that indicated a standard range of nine to sixteen months' imprisonment. The Commonwealth apparently was unaware at the time that it could seek a mandatory minimum sentence of twenty-five years based upon a prior 1994 conviction of Appellant for indecent assault. Subsequently, a jury found Appellant guilty.

Prior to sentencing, however, the Commonwealth provided notice to Appellant of its intention to seek a mandatory minimum sentence of twenty-five years' imprisonment based on Appellant's 1994 conviction. The trial court thereafter sentenced Appellant to concurrent terms of twenty-five to fifty years' imprisonment for each of his child pornography convictions.

Appellant eventually petitioned for PCRA relief, alleging ineffectiveness of counsel who failed to inform him of the potential the Commonwealth could seek imposition of a twenty-five year mandatory minimum sentence. The PCRA court granted the petition.

On appeal, the Majority affirms the finding of the PCRA court that counsel was ineffective, but reverses that part of the court's order granting Appellant a new trial. Guided by our Supreme Court's decision in *Lafler v. Cooper*, ___ U.S. ___, 132 S. Ct. 1376 (2012), the Majority reasons that granting Appellant a new trial bestows upon Appellant a windfall by giving Appellant the chance of an acquittal, a potential result that does not address the prejudice suffered by Appellant, *i.e.*, a substantially longer sentence than the one offered. Instead, the Majority directs that upon remand, the trial court is to require the prosecution to reoffer the plea proposal.

I dissent from the Majority only to state that I do not think it possible to direct the Commonwealth to offer the rejected plea again. The plea offer was infirm, as both parties were mistaken at the time as to the minimum sentence that Appellant could serve. Neither recognized at the time that Appellant could face a mandatory minimum of twenty-five years' imprisonment, as opposed to the Commonwealth's last offer of two to six years in prison. Directing the trial court to order the Commonwealth to offer the rejected plea again would be futile, since that offer was based upon a mutual mistake. In my view, to fulfill *Lafler's* dictate that a remedy must "neutralize the taint" of a constitutional violation, any renewed offer cannot be legally flawed, as that would amount to no offer at all. To neutralize the constitutional taint of counsel's ineffectiveness, it may be more appropriate, for example, under the unique facts present here, for the trial court to

fashion a remedy requiring the Commonwealth instead to make a good faith plea offer to Appellant based upon negotiations that correctly assume the Appellant could face a mandatory twenty-five year minimum sentence. If accepted by Appellant, the trial court could then in its sentencing discretion, and consistent with *Lafler*, either vacate Appellant's convictions and resentence pursuant to a plea agreement, vacate some of Appellant's convictions and resentence accordingly, or leave the conviction and sentence resulting from the trial undisturbed. In the event the parties are unable to reach a new plea agreement, the trial court may consider that fact and the parties' conduct in fashioning an appropriate remedy. Ultimately, it must be the trial court that decides how best to exercise its discretion under the circumstances of each case to fashion a remedy that is tailored to the injury suffered from a constitutional violation that does not unnecessarily infringe upon the competing interests of the state. *See Lafler*, 132 S. Ct. at 1388-89.